FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 FEB 20  PM 3 54

STEPHAN HARRIS, CLERK
CHEYENNE

CHRISTOPHER A. CROFTS
United States Attorney
MARK KLAASSEN
Assistant United States Attorney
U.S. Department of Justice
P.O. Box 668
Cheyenne, WY 82003-0668
Telephone (307) 772-2124
Facsimile (307) 772-2123
E-Mail: mark.klaassen@usdoj.gov

WILLIAM E. MOENCH
Trial Attorney
RITA BYRNES KITTLE
Supervisory Trial Attorney
U.S. Equal Employment Opportunity Commission
303 E. 17th Ave., Suite 410
Denver, CO 80203
Telephone: (303) 866-1378
Facsimile: (303) 866-1375
Email: william.moench@eeoc.gov
       rita.kittle@eeoc.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>)  CIVIL NO. 13-CV-182-F |
| v. | )<br>)  COMPLAINT - TITLE VII |
| SUPERIOR ELECTRIC AND COMMUNICATIONS, INC., | )  JURY TRIAL DEMAND<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil

Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation,

and to provide appropriate relief to Jennifer Johnson, who was adversely affected by such practices, as alleged with greater particularity below. Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC"), contends that Defendant Superior Electric and Communications, Inc. ("Superior Electric") has discriminated against Ms. Johnson because of her sex, female, by subjecting her to sexual harassment and a hostile work environment, by excluding her from favorable job assignments because of her sex, and by retaliating against her for complaining about sex discrimination, all in violation of Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a ("Title VII").

2. The employment practices alleged to be unlawful were and are being committed within the jurisdiction of the United States District Court for the District of Wyoming.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. 2000e-5 (f)(1) and (3).

4. At all relevant times, Defendant Superior Electric has continuously been and is now doing business in the State of Wyoming and the City of Cheyenne.

5. At all relevant times, Defendant Superior Electric has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## CONDITIONS PRECEDENT TO FILING SUIT

7. More than thirty days prior to the institution of this lawsuit, Jennifer Johnson, a female former employee of Defendant, filed a charge of discrimination with the EEOC alleging violations of Title VII by Defendant.

8. The Wyoming Department of Employment's Fair Employment Program and the EEOC investigated Ms. Johnson's charge of discrimination.

9. On July 19, 2012, EEOC issued a determination finding reasonable cause to believe Defendant had violated Title VII.

10. The parties engaged in conciliation but reached no agreement.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## GENERAL ALLEGATIONS

12. Ms. Johnson was employed by Defendant as an electrician beginning on or about June 12, 2008.

13. During the time Ms. Johnson worked for Defendant, she was the only female electrician employed by Defendant.

14. During Johnson's employment with Defendant, Defendant did not have a sexual harassment policy in effect.

15. During most of the time Ms. Johnson worked for Defendant, her immediate supervisor was Fernando Muñoz.

16. Since at least July 2008, Defendant created and/or allowed to exist a sexually hostile work environment for Ms. Johnson.

17. The conduct which contributed to the sexually hostile work environment included, but was not limited to, the following acts:

   a. Supervisor Fernando Muñoz held his hands in front of Ms. Johnson's breasts as if to grab them;

   b. Supervisor Muñoz commented on Ms. Johnson's sex life and asked her which of the male employees she would rather have "do" her;

   c. Supervisor Muñoz said to Johnson, "If you keep bending over like that, I'm going to have to do something about it;"

   d. Supervisor Muñoz approached Johnson from behind when she was bent over to bend a pipe, and grabbed her waist while grinding his genital area onto her backside in a sexual motion;

   e. Supervisor Muñoz asked Johnson to imagine one of the male employees "eating her out;"

  f. Supervisor Muñoz stood inappropriately close to Johnson when they worked together on a scissor lift;

  g. Supervisor Muñoz suggested, after hearing that Johnson was menstruating, that a male employee "pull the plug so she would bleed to death";

  h. Supervisor Muñoz looked directly at Johnson's breasts while saying, "It must be cold outside;"

  i. A male coworker suggested that Johnson should earn extra money by massaging another employee's prostate gland.

  j. Other discriminatory treatment, including being denied more favorable work assignments and overtime pay because of her sex.

18. On or about November 12, 2008, Johnson complained to company owner and manager Marty Crowe about the sexually hostile work environment.

19. Defendant did not conduct an investigation into Johnson's allegation of sexual harassment/hostile work environment.

20. Defendant did not inform Johnson of any action taken in response to her complaints about sexual harassment/hostile work environment.

21. After Johnson had complained about the sexual harassment/hostile work environment, the harassment continued.

22. In or around November of 2008, Defendant participated in a construction project in Glenrock, Wyoming.

23. Because the Glenrock project was not within commuting distance from Cheyenne, Wyoming, it was necessary for Defendant to provide lodging for its employees during the work-weeks while work on the project was being performed.

24. Defendant's employees who were assigned to the Glenrock project earned more overtime pay than those employees who were not assigned to the Glenrock project.

25. Because of the higher overtime pay earning potential on the Glenrock project, Jennifer Johnson asked to be assigned to the project.

26. All of the male members of the crew on which Johnson worked, including Muñoz, were assigned to the Glenrock project, but Ms. Johnson was not.

27. Ms. Johnson complained to company owner Marty Crowe that she was not assigned to the Glenrock project.

28. Ms. Johnson specifically told Mr. Crowe that she believed she was denied assignment to the Glenrock project because she was a woman.

29. Mr. Crowe informed Ms. Johnson that she was not selected for the Glenrock job, at least in part, because she was female and could not be lodged with a male employee.

30. After the Glenrock job was completed, the crew returned to Cheyenne in December of 2008.

31. After his return to Cheyenne in December of 2008, Muñoz again supervised Johnson's work.

32. After his return to Cheyenne in December of 2008, Muñoz continued to sexually harass Johnson, and also retaliated against Johnson for having complained about the sexually hostile environment Muñoz had created.

33. After Ms. Johnson complained about the sexual harassment, she was subjected to retaliatory adverse actions, including without limitation, all of the following:

   a. Defendant refused to allow Johnson to work on the Glenrock project;

   b. Supervisor Muñoz interfered with tasks assigned to Johnson so that she could not perform them, or had trouble accomplishing them;

   c. Supervisor Muñoz wrote a false report of alleged poor performance by Ms. Johnson;

   d. Defendant terminated Johnson's employment in February of 2009.

**FIRST CLAIM FOR RELIEF: SEXUALLY HOSTILE WORK ENVIRONMENT**

34. EEOC realleges and incorporates herein all of the foregoing allegations.

35. Since at least July of 2008, Defendant has engaged in unlawful employment practices by creating and/or condoning a work environment which was hostile for Ms. Johnson because of her female sex.

36. The offensive sexual conduct and discriminatory treatment to which Ms. Johnson was subjected in the workplace was sufficiently severe or pervasive to alter the terms and conditions of her employment.

37. The offensive sexual conduct and discriminatory treatment in the workplace was participated in by Fernando Muñoz, a manager in Ms. Johnson's chain of command.

38. Defendant was aware of the sexually hostile work environment to which Ms. Johnson was subjected.

39. Defendant failed to take reasonable measures to prevent and promptly correct sexual harassment in the workplace.

40. The effect of the events described above, including without limitation, the sexual harassment by a manager, Defendant's failure to promptly and adequately respond to employee complaints of sexual harassment, and Defendant's failure to have in place a policy against sexual harassment, has been to deprive Johnson of equal employment opportunities.

41. As a result of the discriminatory hostile work environment, Ms. Johnson suffered emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other harm in amounts subject to proof at trial.

42. The unlawful employment practices described above were intentional.

43. The unlawful employment practices described above were done with malice or with reckless indifference to Johnson's federally protected rights.

**SECOND CLAIM FOR RELIEF: DISCRIMINATORY WORK ASSIGNMENT**

44. Plaintiff realleges and incorporates herein all of the foregoing allegations.

45. Defendant engaged in unlawful discriminatory employment practices by denying Ms. Johnson employment opportunities, including assignment to work on the Glenrock project, because of her sex.

46. As a result of being denied work opportunities because of her sex, Ms. Johnson suffered lost earnings and benefits of employment, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other harm in amounts subject to proof at trial.

47. The unlawful employment practices described above were intentional.

48. The unlawful employment practices described above were done with malice or reckless indifference to Ms. Johnson's federally protected rights.

### THIRD CLAIM FOR RELIEF: RETALIATION

49. Plaintiff realleges and incorporates herein all of the foregoing allegations.

50. When Johnson complained to Mr. Crowe about Muñoz' sexual harassment, she engaged in protected conduct under Section 704 of Title VII, 42 U.S.C. §2000e-3.

51. When Johnson complained to Owner Crowe that she was being denied work opportunities because of her sex, she engaged in protected conduct under Section 704 of Title VII, 42 U.S.C. §2000e-3.

52. After Johnson complained about sexual harassment and being denied work because of her sex, she was subjected to various adverse actions, including termination of her employment, which actions would deter a reasonable person from complaining about sexual harassment.

53. Defendant engaged in unlawful employment practices by retaliating against Johnson because of her protected conduct in complaining about sexual harassment and gender discrimination, in violation of Section 704 of Title VII, 42 U.S.C. §2000e-3 .

54. The effect of the practices complained of in the paragraphs above has been to deprive Johnson of equal employment opportunities based on her gender.

55. As a result of the unlawful retaliation alleged above, Johnson suffered lost earnings and benefits of employment, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other harm in amounts subject to proof at trial.

56. The unlawful employment practices complained of in the paragraphs above were intentional.

57. The unlawful employment practices complained of herein were done with malice or with reckless indifference to Johnson's federally protected rights.

**PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment policy or practice which creates a sexually hostile work environment or otherwise discriminates on the basis of gender, and from retaliating against employees who complain about discrimination;

  B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past unlawful employment practices, including retaliation;

  C.  Order Defendant to make whole Jennifer Johnson by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

  D.  Order Defendant to make whole Jennifer Johnson by reinstating her in her previously held position or the equivalent thereof or, in the alternative, by providing appropriate front pay in amounts to be determined at trial;

  E.  Order Defendant to make whole Jennifer Johnson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above;

  F.  Order Defendant to make whole Jennifer Johnson by providing compensation for past and future non-pecuniary losses, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and humiliation;

  G.  Order Defendant to pay to Jennifer Johnson punitive damages for its malicious and/or reckless conduct described above, in amounts to be determined at trial;

  H.  Order Defendant and its successors to provide training to its officers, managers and employees regarding discriminatory harassment and retaliation in the workplace;

  I.  Grant such further relief as the Court deems necessary and proper in the public interest; and

J.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: August 20, 2013

                                      Respectfully submitted,

                                      CHRISTOPHER CROFTS
                                      United States Attorney

By:     *Mark Klaassen* (signature)
                                      MARK KLAASSEN
                                      Assistant United States Attorney

                                      U.S. EQUAL EMPLOYMENT
                                      OPPORTUNITY COMMISSION

                                      Patrick David Lopez
                                      General Counsel

                                      Gwendolyn Young Reams
                                      Associate General Counsel

                                      Mary Jo O'Neill
                                      Regional Attorney

                                      Rita Byrnes Kittle
                                      Supervisory Trial Attorney

                                      William E. Moench
                                      Senior Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Denver Field Office
303 E. 17th Avenue, Suite 410
Denver, CO 80203
(303) 866-1378
william.moench@eeoc.gov

NOTE: It is sufficient for service on the EEOC that pleadings, notices, and any other court documents be served on the Trial Attorneys. Duplicate service is not required on the General Counsel and Associate General Counsel in Washington, D.C.