FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2014 SEP 2  AM 8 11

STEPHAN HARRIS, CLERK
CHEYENNE

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
                              )
               Plaintiff, )
                              )     Case No. 13-CV-182-F
       v. )
                              )
Superior Electric, Inc. )
               Defendant. )
                              )

---

### CONSENT DECREE

---

### I.  RECITALS

1.       This matter was instituted by Plaintiff, Equal Employment Opportunity

Commission ("EEOC"), an agency of the United States of America, alleging that

Defendant Superior Electric, Inc., ("Superior Electric"), a Wyoming corporation,

discriminated against Charging Party Jennifer Johnson ("Johnson") by allowing her to

be subjected to a sexually hostile work environment; by failing to remedy the sexually

hostile work environment after Johnson complained; by failing to send Johnson on an

out-of-town work opportunity because she is a woman, thereby preventing her from

earning increased compensation; and by retaliating against Johnson after she

complained of sexual harassment, all in violation of Title VII of the Civil Rights Act of

1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

2.      The parties to this Decree are the Plaintiff EEOC and the Defendant Superior Electric.

3.      The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

4.      As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

5.      For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

**II.  JURISDICTION**

6.      The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

**III.  TERM AND SCOPE**

7.      **Term:**  The duration of this Decree shall be two (2) years from the date of signing by the Court.

8.      **Scope:**  The terms of this Decree shall apply to Defendant's facility in Cheyenne, Wyoming, and to all work projects for which Defendant contracts, wherever located.

## IV. ISSUES RESOLVED

9.      This Decree resolves the claims alleged in the above-captioned lawsuit, and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under Title VII that arise from Charge of Discrimination Number 32K-2009-00128, filed by Jennifer Johnson.

10.      Defendant and its officers, agents, employees, successors, and all other persons in active concert or participation with any of them will not interfere with the relief herein ordered, but shall cooperate in the implementation of this Decree.

## V. MONETARY RELIEF

11.      Judgment is hereby entered in favor of the Commission and against Defendant in the amount of $55,000.

12.      Defendant will not condition the receipt of individual relief upon Jennifer Johnson's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; or (b) promise not to reapply for a position with Defendant.

13.      To resolve these claims, Defendant shall pay a total of $55,000.00, allocated as follows: $5,000.00 as payment for back pay and benefits, and $50,000.00 as payment for compensatory damages, including emotional distress and medical treatment.

14.      The payments required under this Decree shall be mailed to the payee within ten (10) days after the Court's entry of this Decree, and mailed to the address provided by the EEOC.

3

**15.** Within three (3) business days after payments are mailed to payee, Defendant shall submit to EEOC a copy of the checks issued.

**16.** Charging Party Jennifer Johnson hereby releases all claims asserted in this lawsuit and in the underlying charge of discrimination, EEOC Charge No. 32K-2009-00128. No other potential claims are released or waived.

## VI. OTHER INDIVIDUAL RELIEF

**17.** Defendant will provide a letter of reference in the form attached as Exhibit A.

## VII. EQUITABLE RELIEF

### A. *Injunctive Relief*

**18.** Defendant, its officers, agents, successors, and other persons in active concert or participation with it, or any of them, are permanently enjoined from engaging in any employment practice which discriminates on the basis of sex.

**19.** Defendant, its officers, agents, successors, and other persons in active concert or participation with them, or any of them, are permanently enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, the Equal Pay Act, or the Genetic Information Nondiscrimination Act of 2008. Defendant shall not retaliate against a person because such person brings an internal complaint of discrimination with the Defendant; because such person files or causes to be filed a charge of discrimination with the Commission or any other agency

4

charged with the investigation of employment discrimination complaints, or whose

statements serve as the basis of a charge; or because such person testifies or

participates in the investigation or prosecution of an alleged violation of these statutes.

Defendant shall not retaliate in any manner against individuals identified as witnesses in

this action or who assisted in the investigation giving rise to this action. Nor shall

Defendant retaliate against any such persons identified as a witness or possible

witnesses of discrimination in future investigations or proceedings.

**B.    *EEO Policy Review***

20.    Within sixty (60) days of the entry of this Decree, the Defendant shall, in

consultation with an outside consultant experienced in the area of employment

discrimination law ("Consultant"), review its existing EEO policies to conform with the

law and revise, if necessary.

21.    The written EEO policies must include at a minimum:

22.1.  A strong and clear commitment to preventing unlawful sex discrimination

and retaliation;

22.2.  A clear and complete definition of disparate treatment based sex and

retaliation;

22.3.  A statement that discrimination based on sex or retaliation is prohibited

and will not be tolerated;

22.4.  A clear and strong encouragement of persons who believe they have been

discriminated or retaliated against to report such concerns;

22.5.   The identification of specific individuals, with telephone numbers, to whom employees can report their concerns about discrimination, harassment, or retaliation;

22.6.   A clear explanation of the steps an employee must take to report discrimination or retaliation, which must include the options of either an oral or written complaint;

22.7.   An assurance that Defendant will investigate allegations of any activity that might be construed as unlawful discrimination and that such investigation will be prompt, fair, and reasonable, and conducted by a neutral investigator specifically trained in receiving, processing, and investigating allegations of discrimination;

22.8.   An assurance that appropriate corrective action will be taken by Defendant to make victims whole and to eradicate the unlawful conduct within its workforce;

22.9.   A description of the consequences, up to and including termination, that will be imposed upon violators of Defendant's anti-discrimination policies;

22.10. A promise of maximum feasible confidentiality for persons who report unlawful discrimination, harassment, and/or retaliation, or who participate in an investigation into allegations of discrimination, harassment, and/or retaliation; and

22.11. An assurance of non-retaliation for persons who report unlawful discrimination, harassment, and/or retaliation, and for witnesses who provide

testimony or assistance in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation.

23.    Within thirty (30) days after completion of the policy review required under Paragraphs 22 and 23 above, the written EEO policies shall be posted in a prominent location frequented by employees at Defendant's facility in Cheyenne, Wyoming and distributed to each current employee. The written EEO policies shall be distributed to all new employees when hired.  Defendant shall make the written EEO policies available in alternative formats as necessary for persons with cognitive and print disabilities that may prevent them from reading the policies. Alternative formats will include but not be limited to an audiotape format.

## C.    *Training*

24.    At least annually, Defendant shall provide EEO training for all its employees. Under this provision, employees will be trained at a minimum in the following areas: (a) the Defendant's policy and procedures for reporting alleged discrimination; (b) understanding the kind of conduct which may constitute unlawful discrimination or harassment; (c) the penalties of engaging in discriminatory behavior; (d) Defendant's non-retaliation policy; and (d) Defendant's procedures for handling accommodation requests.  All training under this Paragraph shall be at Defendant's selection and expense.  Training may be by live presentation, online interactive training, and/or computer training, or any combination of the foregoing.  The training will be conducted as follows:

**24.1.  Non-managerial Employees:** Defendant will provide non-managerial employees at least twelve (12), fifteen-minute (15-minute), manager-led monthly meetings at each of its locations.   Attendance will be mandatory for every employee on the days of such training.   At least four (4) of these meetings will focus on sex discrimination, sexual harassment, and retaliation.  Additionally, any individual who is charged with conducting training under this Paragraph must first be trained under Paragraph 24.4 below.

**24.2.  Managerial Employees**: Defendant will require all individuals who have hiring or firing authority to receive at least eight (8) hours of training annually regarding Title VII of the Civil Rights Act of 1964 and other federal anti-discrimination laws.  Four (4) of the eight (8) hours must directly address sex discrimination and sexual harassment, and two (2) of the eight (8) hours must be instruction in the proper methods of receiving, communicating, investigating (where applicable), and ameliorating discrimination.  Defendant shall emphasize with managerial and supervisorial employees that due to their position of power, such employees (a) must be particularly vigilant not to discriminate, whether consciously or because they rely on subconscious stereotypes; (b) must be sensitive of how their actions or words might be perceived by subordinate employees; and (c) must avoid the temptation to retaliate against an employee because a complaint is made, or might be made, against them.  Additionally, Defendant will require employees who are newly hired or recently promoted into a managerial or supervisory position to complete the requisite two (2) hours of

8

complaint-handling training and two (2) hours of sex discrimination-related training within twenty (20) days of being hired or promoted. The training under this Paragraph must be provided by outside vendors.

**24.3. Supervisory Employees:** Defendant hereby represents that it does not place a journeyman in a position as lead journeyman on a project until that journeyman has been employed by Defendant for at least six months. Therefore, all journeymen employees who have been employed for six months with Defendant and all other employees who are assigned to be foreman or superintendent of any project must be trained for a minimum of three (3) hours prior to leading such project, on the proper methods of receiving and communicating reports of discrimination. Defendant shall emphasize with these employees that they (a) must be particularly vigilant not to discriminate, whether consciously or because they rely on subconscious stereotypes; (b) must be sensitive of how their actions or words might be perceived by subordinate employees; and (c) must avoid the temptation to retaliate against an employee because a complaint is made, or might be made, against them.

**24.4. Train the Trainers:** Any manager with responsibility for training other employees under Paragraph 24.1 above will be provided three (3) additional hours of training on the materials to be presented and the proper techniques for teaching the materials. The training under this Paragraph must be provided by outside vendors.

**24.5.  Training on Investigative Techniques:**  All employees with responsibility for responding to or investigating complaints of discrimination, shall be provided ten (10) additional hours of annual training instructing on accepted professional standards for receiving and investigating complaints of discrimination, including such matters as witness interview techniques, other evidence-gathering techniques, maintaining investigative notes and records, legal analysis of the evidence, and methods for eliminating and ameliorating violations of anti-discrimination law.  The training under this Paragraph must be provided by outside vendors.

**25.**    Defendant agrees that the first such training session for each employee group identified in Paragraph 24 above, will take place within ninety (90) days after the Court's entry of this Decree.  Defendant agrees that all of its personnel shall both register and attend the training sessions, and employees who miss training sessions which last more than 15 minutes must make those sessions up at a later time.  However, for the short sessions required by Paragraph 24.1 above, employees are not required to make up sessions that are missed.

**26.**    The Commission, at its discretion, may designate one or more Commission representatives to attend the training sessions described in paragraphs 24.2, 24.4, and 24.5 above, and the Commission representatives shall have the right to attend, observe, and fully participate in all of the sessions.  Defendant shall provide the Commission with thirty (30) days notice that a training session will be conducted, or alternatively,

Defendant may provide a comprehensive schedule of trainings planned for the year or for a number of months if such is more convenient.

**D.    Notice Posting**

27.     Within five (5) business days after the Court's entry of this Decree, Defendant shall post in each of its stores, in a conspicuous place frequented by employees, the Notice attached as Exhibit B to this Decree. The Notice shall be the same type, style, and size as set forth in Exhibit B. The Notice shall remain posted for the duration of this Decree. If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy. Defendant shall certify to the Commission, in writing, within ten (10) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Consent Decree.

**E.    Reporting to Commission**

28.     Defendant shall provide semi-annual reports for each six-month period following the entry of this Decree. The reports shall be due thirty (30) days following the respective six-month period, except the final report which shall be submitted to the Commission six weeks prior to the date on which the Consent Decree is to expire.

29.     **Reporting Requirements:** Each report shall provide the following information:

    **29.1. Reports of Discrimination**

        **29.1.1.** For purposes of this Paragraph 29.1, the term "report of discrimination" will include any written or verbal complaint made to a manager or of which a manager is aware which alleges discrimination, or

11

the witnessing of discrimination, based on sex, even if such terminology is not used by the complainant. The complainant need not invoke the terms "discrimination," "Title VII," "disparate treatment," "violation," or "rights," etc. Employees are not trained in legalese and frequently use such terms as "unfair," "unprofessional," "uncomfortable," "unjust," "retaliatory," "treated differently," or "disciplined without or for no reason" and other such language that indicates an allegation of discrimination. For example, if a female employee reports that a male employee has made an offensive sexual comment, this should be recognized as a complaint of sexual harassment and/or gender discrimination even though the employee does not use the terms "harassment" or "discrimination," and regardless of whether the complaint is made orally or in writing.

29.1.2.   The report will include:

a.      The name, address, email address, and telephone number of each person making a complaint of sex discrimination to Defendant or to any federal, state, or local government agency;

b.      The name, address, email address, and telephone number of each person identified as a potential witness to the incident of discrimination;

c.      A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's investigation and response to the

complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

d.      Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

## 29.2.  Complaints of Retaliation

29.2.1.   For purposes of this Paragraph, the term "complaint of retaliation" will include any written or verbal complaint which alleges retaliation for activity that is protected under Title VII of the Civil Rights Act of 1964, or alleges retaliation for conduct which the Defendant recognizes or should have recognized as protected activity under that statute even if the complainant does not use legal or technical terminology.

29.2.2.   The report shall include:

a.      The name, address, email address, and telephone number of each person making a complaint of retaliation to Defendant or to any federal, state, or local government agency;

b.      The name, address, email address, and telephone number of each person identified as a potential witness to the incident of retaliation;

c.      A brief summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the retaliatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

d.     Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

**29.3.  Training**

29.3.1.     For each training program required under Paragraphs 24.1 and 24.2, and conducted during the reporting period, Defendant shall submit a registry of attendance.  For training required under Paragraph 24.3, Defendant shall report in its semi-annual reporting all persons trained in the previous six-month period.

29.3.2.     For each training program required under Paragraphs 24.4 and 24.5, and completed during the reporting period, Defendant shall provide a certificate of completion.

29.3.3.     For each training program conducted by Defendant's staff, Defendant will provide the following information:  (a) a detailed agenda; (b) copies of all training material provided to or utilized by the trainers; (c) the name of each trainer and a summary of his or her qualifications.

29.3.4.     For each training program conducted by an outside consultant or vendor not affiliated with Defendant, Defendant will identify the consultant and/or vendor and provide a copy of the program agenda.

**29.4.  Posting of Notice**:  Defendant shall recertify to the Commission that the Notice required to be posted under Section D of this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

**29.5.  Policy Review**: Defendant shall report on the status of the EEO policy review process required under Paragraph 21, above.

## VIII.  RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

30.     This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

31.     There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance herewith.

32.     The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action.  Should the Court determine that Defendant has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

33.     Absent extension, this Decree shall expire by its own terms at the end of the twenty-fourth (24th) month from the date of entry without further action by the Parties.

## IX.  EEOC AUTHORITY

34.     With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

## X. COSTS AND ATTORNEY'S FEES

**35.** Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XI. NOTICE

**36.** Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows

Supervisory Trial Attorney
EEOC Denver Field Office
303 E. 17th Avenue, Suite 410
Denver, CO 80203

Melinda McCorkle
Kline Law Office, P.C.
P.O. Box 1938
Cheyenne, WY 82003-1938

## XIII. SIGNATURES

**37.** The parties agree to the entry of this Decree subject to final approval by the Court.

SO ORDERED this _29_ day of _August_, 2014.

BY THE COURT:

_____
United States District Judge

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By: _____
Mary Jo O'Neill
Regional Attorney

Date: _8/25/14_

SUPERIOR ELECTRIC, INC.

By: _____
Martin Crowe
President

Date: _AUG - 18 - 2014_

16

CHARGING PARTY JENNIFER JOHNSON

By: _Jennifer Johnson_
Jennifer Johnson
Charging Party


APPROVED AS TO FORM:

_William E. Moench_
William E. Moench
Trial Attorney
EEOC Denver Field Office
303 E. 17th Avenue, Suite 510
Denver, CO  80203

Attorneys for Plaintiff EEOC


_____
Stephen H. Kline
Melinda McCorkle
Kline Law Office, P.C.
P.O. Box 1938
Cheyenne, WY 82003-1938

Attorneys for Defendant

17

CHARGING PARTY JENNIFER JOHNSON

By: _____
Jennifer Johnson
Charging Party




APPROVED AS TO FORM:


_____
William E. Moench
Trial Attorney
EEOC Denver Field Office
303 E. 17th Avenue, Suite 510
Denver, CO  80203

Attorneys for Plaintiff EEOC
_____
Stephen H. Kline
Melinda McCorkle
Kline Law Office, P.C.
P.O. Box 1938
Cheyenne, WY 82003-1938

Attorneys for Defendant

**ATTACHMENT A**

**[Reference Letter]**

**To Whom It May Concern:**

**Jennifer J. Johnson worked for Superior Electric from June 12, 2008 through February 12, 2009 as an apprentice electrician.  She accumulated a total of 1,551.5 hours doing light commercial wiring.  Ms. Johnson was laid off on February 12, 2009 due to lack of work.**

Sincerely,

**Martin G. Crowe**
**President**

SUBJECT TO F.R.E. 408

# EXHIBIT B
## NOTICE

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in EEOC v. Superior Electric, Inc., filed in the United States District Court for the District of Wyoming, Civil Action No. 13-CV-182-F.

Management of Superior Electric, Inc. wishes to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operation and in all areas of employment practices. Superior Electric, Inc. seeks to ensure that there shall be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, age or disability. This policy extends to insurance benefits and all other terms, conditions and privileges of employment.

Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq.,* it is unlawful for an employer to discriminate based upon the sex of an applicant or employee. Further, it is unlawful for any employer to retaliate against an employee because he or she has requested reasonable accommodation for disability or religion, opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

Superior Electric, Inc. respects the right of its employees and applicants for employment to work in an environment free from discrimination. Accordingly, Superior Electric, Inc. reaffirms its commitment to complying with the strictures of Title VII of the Civil Rights Act of 1964, in that it is our policy to prohibit all discrimination based on sex.

Any employee who believes that he/she has suffered discrimination on the basis of age, race, color, religion, sex, pregnancy, national origin, or disability, has the right to contact the EEOC directly at 1-800-669-4000. In compliance with federal law, no official at Superior Electric, Inc. will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice shall remain posted for the term of two years.


Superior Electric, Inc.


By:_____     _____
                                                                    Date